**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DOUGLAS LONGHINI, an individual,
and
ACCESS 4 ALL, INC., a Florida not for
Profit Corporation,

CASE: 1:26-cv-2139 (FJS/PJE)

Plaintiffs,
v.

SARAS HOSPITALITY HOLDING LLC,
a New York Limited Liability Company.

Defendant.
_______________________________________/

# COMPLAINT

Plaintiffs, DOUGLAS LONGHINI, an individual, and ACCESS 4 ALL, INC., a Florida Not-for-Profit Corporation, on behalf of themselves and all other persons similarly situated (collectively hereinafter "Plaintiffs"), hereby sue, SARAS HOSPITALITY HOLDING LLC, a New York Limited Liability Company, (collectively hereafter "Defendant") and as grounds allege:

## JURISDICTION AND VENUE

1. The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, *et seq*. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 36.202, 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under

42 U.S.C. § 12181, *et seq*.

4. Plaintiff, DOUGLAS LONGHINI, is an individual over eighteen years of age, who resides in Florida and is otherwise *sui juris*. Plaintiff, DOUGLAS LONGHINI, is a member of the Not-for-profit Corporation, ACCESS 4 ALL, INC.

5. Plaintiff, DOUGLAS LONGHINI, is "disabled" and has at all times herein suffered from a "qualified disability" as defined by the ADA.

6. Plaintiff, ACCESS 4 ALL, INC, is a Florida Not-for-profit Corporation, formed under the laws of Florida, and maintains its principal office in Miami-Dade County, Florida. Members of its organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. ACCESS 4 ALL, INC has also been discriminated against because of its association with its disabled members and their claims.

7. At all times material, Defendant, SARAS HOSPITALITY HOLDING LLC, was and is a New York Limited Liability Company doing business in the State of New York, owning and operating a hotel in the State of New York, and deriving substantial revenue from the State.

8. At all times material, Defendant, SARAS HOSPITALITY HOLDING LLC, owned, leased, and/or operated the Commercial Property located at 503 Washington Avenue,

Kingston, NY 12401 (hereinafter "Commercial Property") operated as "Kingston Regency Inn".

9. Venue is properly located in the Northern District of New York pursuant to 28 U.S.C.A. § 1391(b) in that all events giving rise to this lawsuit occurred in Kingston, New York.

10. Defendant's Commercial Property at issue in this matter and the business therein are located in and around the Ulster County area. The Defendant regularly conduct business within Ulster County area, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Ulster County area.

FACTUAL ALLEGATIONS

11. Plaintiff, DOUGLAS LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, DOUGLAS LONGHINI, has cerebral palsy, uses a wheelchair to ambulate and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk, stand, climb stairs, or perform activities requiring lower body strength and mobility.

12. Plaintiff, DOUGLAS LONGHINI, stayed at the Commercial Property from September 3, 2026 to September 4, 2026. Plaintiff, DOUGLAS LONGHINI, routinely visits Kingston and the surrounding areas to attend events, concerts and horse races.

13. During his stay, Plaintiff, DOUGLAS LONGHINI, attended the Adirondack Independence Music Festival at Charles R. Wood Park.

14. Plaintiff, DOUGLAS LONGHINI, plans to return to the Commercial Property in June 2027 to attend the harness racing at the Monticello Harness Raceway.

15. Defendant has discriminated against Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property as prohibited by 42 U.S.C. § 12182, *et seq*.

16. Defendant has discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992. A list of the violations that Plaintiffs encountered during their visits to Defendant's Commercial Property includes, but is not limited to, the following specific defect violations of the ADA:

A. <u>Parking and Exterior Routes</u>

i. The routes to the entrances from the site arrival points are inaccessible, violating § 206 of the 2010 ADA Standards for Accessible Design. The inaccessible routes restrict Plaintiffs' and similarly situated individuals' ability to maneuver throughout the parking area.

ii. The inaccessible entrances lack directional signage, violating § 216 of the 2010 ADA Standards for Accessible Design. The improper design restricts Plaintiffs' and similarly situated individuals' ability to maneuver throughout the parking area.

iii. The routes contain excessive slopes and cross slopes approaching the doors and within the maneuvering spaces required to enter, violating §§ 206, 207, 402, 403 and 404.2.4 of the 2010 ADA Standards for Accessible Design. The improper route design restricts Plaintiffs' and similarly situated individuals' ability to maneuver throughout the parking area.

iv. The designs and mounting heights of the parking identification signs are noncompliant, violating § 502.6 of the 2010 ADA Standards for Accessible Design.

v. The designated accessible parking spaces contain excessive slopes and abrupt changes in level greater than one-quarter inch, violating §§ 303 and 403.4 of the 2010 ADA Standards for Accessible Design. The improper design restricts Plaintiffs' and similarly situated individuals' ability to maneuver throughout the parking area.

vi. The designated accessible parking spaces lack the required width and access aisles, violating the 2010 ADA Standards for Accessible Design. The improper clearance restricts Plaintiffs' and similarly situated individuals' ability to maneuver throughout the parking area.

vii. The ramp to the hotel has improper handrails and contains changes in level at its base and on the ramp surface, violating § 405 of the 2010 ADA Standards for Accessible Design. The improper hardware restricts Plaintiffs' and similarly situated individuals' ability to maneuver throughout the parking area.

B. <u>Access to Goods and Services</u>

i. The check-in counter is mounted at a height greater than thirty-eight inches above the finished floor, violating §§ 904 and 902.3 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' and similarly situated individuals' access to services.

ii. The pool, fitness center, business center, guest laundry and other areas lack the required accessible elements, violating the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' and similarly situated individuals' access to services.

iii. The inaccessible elements lack alternatives or policies to provide services, violating the 2010 ADA Standards for Accessible Design.

iv. The restaurant lacks accessible seating and tables, violating § 902 of the 2010 ADA Standards for Accessible Design. The lack of seating and tables impedes Plaintiffs' and similarly situated individuals' access to dining areas.

C. <u>Hotel Restrooms</u>

i. The restroom sinks lack the required knee clearance, violating the 2010 ADA Standards for Accessible Design. The lack of clearance impedes Plaintiffs' and similarly situated individuals' access to the restrooms.

ii. The restroom mirror is set at a height greater than forty inches above the finished floor, violating § 603 of the 2010 ADA Standards for Accessible Design. The improperly installed hardware impedes Plaintiffs' and similarly situated individuals' access to the restrooms.

iii. The grab bars are improperly sized and located, violating § 604 of the 2010 ADA Standards for Accessible Design. The improperly installed hardware impedes Plaintiffs' and similarly situated individuals' access to the restrooms.

iv. The restroom stall doors lack closers, violating § 604 of the 2010 ADA Standards for Accessible Design. The improperly installed hardware impedes Plaintiffs' and similarly situated individuals' access to the restrooms.

v. The toilet paper dispenser is improperly located, violating § 604 of the 2010 ADA Standards for Accessible Design. The improperly installed hardware impedes Plaintiffs' and similarly situated individuals' access to the restrooms.

D. Hotel Guestroom 303

i. The door security locks and viewing portal are mounted beyond the prescribed maximum heights, violating §§ 308, 309 and 404.2.7 of the 2010 ADA Standards for Accessible Design. The improperly installed locks and portal impede Plaintiffs' and similarly situated individuals' full access to the hotel guestroom.

ii. The path of travel to the room elements lacks a minimum clear width of thirty-six inches, violating § 403.5 of the 2010 ADA Standards for Accessible Design. The improper clearance impede Plaintiffs' and similarly situated individuals' full access to the hotel guestroom.

iii. The storage areas and operable parts are mounted at a height greater than forty-eight inches above the finished floor, violating §§ 308 and 309 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' and similarly situated individuals' full access to the hotel guestroom.

iv. The toilet center line is greater than twenty-two inches from the side wall, violating § 604.2 of the 2010 ADA Standards for Accessible Design. The improper clearance impedes Plaintiffs' and similarly situated individuals' full access to the hotel guestroom.

v. The grab bars for the toilet and tub are improper, violating §§ 604, 607 and 609 of the 2010 ADA Standards for Accessible Design. The improper hardware impedes Plaintiffs' and similarly situated individuals' full access to the hotel guestroom.

vi. The sink lacks the required pipe insulation, violating § 606.5 of the 2010 ADA Standards for Accessible Design. The lack of insulation impedes Plaintiffs' and similarly situated individuals' full access to the hotel guestroom.

vii. The shower lacks a compliant seat and hand-held hose and has an inaccessible design, violating §§ 806 and 608 of the 2010 ADA Standards for Accessible Design. The improperly designed shower impedes Plaintiffs' and similarly situated individuals' full access to the hotel restroom.

viii. The climate controls are inaccessible, violating §§ 308 and 309 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' and similarly situated individuals' full access to the hotel guestroom.

ix. The guestroom door lacks the maneuvering clearance required to exit, violating § 404 of the 2010 ADA Standards for Accessible Design.

17. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and/or 28 CFR 36.505.

## <u>**COUNT I – ADA VIOLATIONS**</u>

18. Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 17 above as though fully set forth herein.

19. The discriminatory violations described in this Complaint are not an exclusive list of Defendant's ADA violations. Plaintiffs request an inspection of Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs from further ingress, use, and equal enjoyment of the Commercial Property and the business(es) therein; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice.

20. The Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendant's Commercial Property and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

21. Defendant has discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

22. Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs, and litigation expenses from Defendant pursuant to

42 U.S.C. § 12205 and 28 CFR 36.505.

23. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

24. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiffs or waived by Defendant.

25. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' Injunctive Relief, including an order to alter the property where Defendant operates their business(es) located within the Commercial Property, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures their violations of the ADA.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

a. Issue a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181.

b. Issue injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to

make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

c. Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

**COUNT II – VIOLATIONS OF 28 C.F.R. SECTION 36.302(e)(1)**

26. Plaintiffs incorporate and reallege paragraphs 1 through 17 as though set forth fully herein.

27. This is an action for violations of 28 C.F.R. Section 36.302(e)(1).

28. More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement: Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with

disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others. These regulations became effective March 15, 2012.

29. Defendant owns, operates, controls and/or maintains a website for the Commercial Property, and/or manages listings and provide information to third party site, which contain an online reservations systems for the Commercial Property. This website is located at: https://kingstonregencyinn.com/#/

30. The purpose of this website is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property. As such, this website is subject to the requirements of 28 C.F.R. Section 36.302(e).

31. Prior to the commencement of this lawsuit, Plaintiff, DOUGLAS LONGHINI, visited the Defendant's website for the purpose of reviewing and assessing the accessible features at the Commercial Property and ascertain whether they meet the requirements of 28 C.F.R. Section

36.302(e) and their accessibility needs. In each instance, at various points in the reservation process each website indicated that handicap or mobility accessible rooms were available.

32. In each instance the website provided insufficient information or misinformation regarding accessible features in the rooms or the hotel. Indeed, Plaintiff, DOUGLAS LONGHINI's room did not contain sufficient accommodations and, consequently, Plaintiff was not able to use the room.

33. In the near future, including as set forth above, Plaintiff, DOUGLAS LONGHINI, intends to revisit the Defendant's website and/or online reservations system in order to test them for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the website to reserve a guest room and otherwise avail himself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property.

34. Plaintiffs are continuously aware that the subject website remain non-compliant and that it would be a futile gesture to revisit the website as long as those violations exist unless they are willing to suffer additional discrimination.

35. The violations present at the Defendant's website infringe Plaintiffs' right to travel free of discrimination and deprive them of the information required to make meaningful choices for travel. Plaintiffs have suffered, and continue to suffer, frustration and humiliation as the result of the discriminatory conditions present at the Defendant's website. By continuing to operate the website with discriminatory conditions, Defendant contributes to Plaintiffs' sense of isolation and segregation and deprive Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at the Defendant's website and knowing that it would be a futile gesture to return to the website unless they are willing to endure additional discrimination, Plaintiffs are

deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. Defendant's online reservations system serves as a gateway to its hotel. Because this online reservations system discriminates against Plaintiffs, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

36. Plaintiffs have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify their website to comply with the requirements of the ADA and to continually monitor and ensure that the subject website remains in compliance.

37. Plaintiffs have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this website. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.

38. Defendant has discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendant continues to discriminate against the Plaintiffs, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

39. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter the subject website to make them readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the website until such time as the Defendant cures its' violations of the ADA.

40. Plaintiffs pray for judgment as set forth below.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

a. Issue a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e);

b. Issue injunctive relief against the Defendant including an order to revise its website to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the website to ensure that it remains in compliance with said requirement;

c. Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205; and

d. Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

**COUNT III VIOLATIONS OF NEW YORK STATE HUMAN RIGHTS LAW**

41. Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 17 above as though fully set forth herein.

42. Plaintiffs have a disability as defined by New York State Human Rights Law.

43. Defendant owns, operates, or leases a public accommodation, within the meaning

of New York State Human Rights Law § 292(9).

44. Defendant has not provided Plaintiff and others similarly situated with evenhanded treatment in violation of New York State Human Rights Law § 296.

45. Defendant's direct or indirect unevenhanded treatment of Plaintiffs and others similarly situated is demonstrated when he was segregated from all other customers.

46. Defendant has, because of Plaintiffs' disabilities, directly or indirectly, refused, withheld from or denied Plaintiffs any of the accommodations, advantages, facilities or privileges of its public accommodation.

47. Defendant has demonstrated that the patronage or custom thereat of Plaintiffs and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

48. Defendant and its agents discriminated against Plaintiffs in violation of New York State Human Rights Law § 296.

49. Defendant discriminated against Plaintiffs by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiffs, in violation of New York State Human Rights Law § 296.

50. As a direct and proximate result of the disability discrimination perpetrated by Defendant in violation of the New York State Human Rights Law, Plaintiffs have suffered and continue to suffer physical and emotional distress and pain -- including but not limited to great levels of fear, anxiety, indignity, humiliation, loss of self-esteem and self-confidence.

**WHEREFORE**, Plaintiff requests the following relief from the Court:

a. Enter declaratory judgment specifying Defendant's conduct as alleged here has violated, and continues to violate, Title III of the ADA, New York State law, and its implementing regulations and declaring the rights of Plaintiffs and other persons similarly situated as to the

policies, practices, procedures, facilities, goods and services offered by Defendant to the public.

b. Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendant to alter its public accommodation making such public accommodation readily accessible to and usable to individuals with disabilities, 3) adopt a policy and procedure to handle requests for reasonable accommodations; and 4) compelling Defendant to make all necessary modifications to Defendant's policies or practices so that Plaintiffs will not be subject to further discrimination, in accordance with New York State Human Rights Law and Title III of the ADA.

c. Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendant liable for $500 for *each* and every violation.

d. The court retain jurisdiction over the Defendant until the court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur.

e. Award Plaintiff compensatory damages in the amount to be determined at trial for Defendant's violation of New York State Human Rights Law.

f. Award Plaintiffs punitive damages in the amount to be determined at trial for Defendant's violation of New York State Human Rights Law.

g. Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which the Plaintiffs and other persons similarly situated may be justly entitled.

Dated: October 16th, 2026

Respectfully submitted,

/s/ *Garrett S. Elsinger*
GARRETT S. ELSINGER, ESQ.
Bar Roll No. 706772
**THE MINEO SALCEDO LAW FIRM, P.A.**
5600 Davie Road
Davie, FL 33314
Telephone: (954) 463-8100
Facsimile: (954) 463-8106
service@mineolaw.com
gelsinger@mineolaw.com
denise@mineolaw.com
*Attorney for Plaintiffs*